UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREW GAYOT, #16-A-3173,

                Plaintiff,

      -against-

DETECTIVE MARKUS RIVERA, ET AL.,

                Defendants.
-----------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
18-CV-01843(JMA)(AYS)

**AZRACK, District Judge:**

      On March 26, 2018, incarcerated *pro se* plaintiff Andrew Gayot ("plaintiff") filed an *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking to challenge his February 25, 2014 arrest. For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and **ORDERS PLAINTIFF TO SHOW CAUSE IN WRITING WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER WHY HIS CLAIMS SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS.**

      **I.   BACKGROUND[1]**

      Plaintiff's complaint is submitted on a Section 1983 claim form complaint and seeks to challenge plaintiff's February 25, 2014 arrest. Plaintiff claims that law enforcement officers entered plaintiff's residence "to execute a no knock probation search order on a probationer residing at that location." (Compl. at 9, ¶ 1.) Plaintiff was arrested "following the recovery of items found in his bedroom", and was convicted on July 27, 2016 on charges stemming from the arrest. (*Id*. at 10, ¶ 6, and at 12, ¶ 10). Plaintiff alleges that his conviction is "now under direct appeal from the Appellate Division, Second Department." (*Id*. at 12, ¶ 10.) As a result of the

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

alleged unlawful search and seizure, plaintiff claims a deprivation of his Fourth Amendment rights and seeks to recover an unspecified sum of "pecuniary damages & punitive damages for pain and suffering, reimbursement for property damage and lost." (*Id*. at 13-14.)

## II.  DISCUSSION

### A.  *In Forma Pauperis* Application

Upon review of plaintiff's declarations in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.  Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

While the law mandates dismissal on any of these grounds, the Court is obliged to afford *pro se* submissions wide interpretational latitude and should hold them "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest

arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**C.      Statute of Limitations**

Generally, "[t]he statute of limitations applicable to claims brought under . . . [§] 1983 in New York is three years." Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004); Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015). However, "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for h[is] lateness in filing." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks omitted). Such claims are generally timely if brought within three years from accrual. Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis for his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, plaintiff alleges that he was arrested on February 25, 2014, which is more than three years from the March 26, 2018 filing of this complaint.

Under extraordinary circumstances, the statute of limitations for a § 1983 claim can be equitably tolled. See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit has explained that the type of situation warranting equitable tolling is one "where a plaintiff could show that it would have been impossible for a reasonably prudent person to learn about his or her cause of action." Pearl, 296 F.3d at 85. The Second Circuit has cautioned that, despite the obligation of district courts under 28 U.S.C. § 1915 to *sua sponte* dismiss cases that fail to state a claim, *pro se* plaintiffs must be given the opportunity to demonstrate grounds for equitable tolling before a complaint is dismissed on the basis of the statute

3

of limitations. See Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007); see also Perez v. Cuomo, 09 Civ. 1109, 2009 WL 1046137, at *6 (E.D.N.Y. April 17, 2009).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. Abbas, 480 F.3d at 640. However, dismissal is appropriate where the existence of an affirmative defense, such as statute of limitations, is apparent from the face of the pleading. See Walters v. Indus. and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); Pino v. Ryan, 48 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); see also Abbas, 480 F.3d at 640 (concluding that district court should grant notice and an opportunity to be heard prior to dismissing complaint *sua sponte* on statute of limitations grounds). Accordingly, **IF PLAINTIFF INTENDS TO PROSECUTE THIS LAWSUIT, HE MUST, WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, FILE A WRITTEN RESPONSE TO THIS ORDER TO SHOW CAUSE DEMONSTRATING WHY HIS CLAIMS SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS. FAILURE TO RESPOND TO THIS ORDER WITHIN THE TIME ALLOWED MAY RESULT IN THE DISMISSAL OF THE ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b).**

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted. **IF PLAINTIFF INTENDS TO PROSECUTE THIS LAWSUIT, HE MUST, WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, FILE A WRITTEN RESPONSE TO THIS ORDER TO SHOW CAUSE DEMONSTRATING THAT HIS CLAIMS SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS. FAILURE TO RESPOND TO THIS ORDER WITHIN THE TIME ALLOWED MAY RESULT IN THE DISMISSAL OF THE ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date: October 10, 2018
Central Islip, New York

                                                                /s/(JMA)
                                                        Joan M. Azrack
                                            United States District Judge