FILED
CLERK
12/17/2018 2:20 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREW GAYOT, #16-A-3173,

                Plaintiff,

    -against-

DETECTIVE MARKUS RIVERA, ET AL.,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-01843(JMA)(AYS)

**AZRACK, United States District Judge:**

        On March 26, 2018, incarcerated *pro se* plaintiff Andrew Gayot ("plaintiff") filed an *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking to challenge his February 25, 2014 arrest. (ECF No. 1, the "Complaint.") By Order to Show Cause dated October 10, 2018 (ECF No. 7, the "OTSC"), the Court granted plaintiff's request to proceed *in forma pauperis* and ordered plaintiff to show cause in writing within thirty (30) days from the date of the OTSC why his claims should not be dismissed as barred by the statute of limitations.

        Plaintiff filed a response to the OTSC on November 8, 2018. (ECF No. 9.) While plaintiff has failed to show that his claims are not time-barred, the Court finds that plaintiff's Section 1983 claims call into question the validity of his underlying criminal convictions and are thus barred by Heck v. Humprey, 512 U.S. 477 (1995). Accordingly, plaintiff's claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b).

        **I.    BACKGROUND**

        All material allegations in the complaint, and plaintiff's response to the OTSC are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's complaint is submitted on a Section 1983 claim form complaint and seeks to challenge his February 25, 2014 arrest. Plaintiff claims that law enforcement officers entered plaintiff's residence "to execute a no knock probation search order on a probationer residing at that location." (Compl. at 9 ¶ 1.) Plaintiff was arrested "following the recovery of items found in his bedroom," and was convicted on July 27, 2016 on charges stemming from the arrest. (Id. at 10 ¶ 6, 12 ¶ 10). Plaintiff alleged that his conviction was at that time "under direct appeal from the Appellate Division, Second Department." (Id. at 12 ¶ 10.) As a result of the alleged unlawful search and seizure, plaintiff claims a deprivation of his Fourth Amendment rights and seeks to recover an unspecified sum of "pecuniary damages & punitive damages for pain and suffering, reimbursement for property damage and lost." (*Id*. at 13-14.)

As noted above, on November 9, 2018, plaintiff filed a two-page, handwritten response to the Court's OTSC. (ECF No. 9.) Therein, plaintiff repeats that he was arrested on February 25, 2014 and seeks to challenge the lawfulness of that arrest under the Fourth Amendment. (Id.) Plaintiff states that a bench trial stemming from his arrest was held between May 18, 2016 and June 21, 2016. (Id. ¶ 2.) He was found guilty and sentenced on July 27, 2016. (Id.) Plaintiff filed an appeal of the judgment of conviction and the final decision on his appeal was rendered on September 12, 2018, affirming the judgment.[1] (Id.) Thus, plaintiff contends that the three (3)

---

[1] Plaintiff appealed from two judgments of the County Court, Suffolk County (Khan, Barbara, J.), both rendered on July 27, 2016. People v. Gayot, 164 A.D.3d 1259, 80 N.Y.S.3d 914 (2d Dep't. 2018). The first judgment convicted plaintiff under Indictment No. 482-14 of sex trafficking (two counts), compelling prostitution, promoting prostitution in the second degree (two counts), promoting prostitution in the third degree, strangulation in the second degree, criminal obstruction of breathing, rape in the third degree (two counts) criminal sexual act in the third degree (two counts), endangering the welfare of a child (two counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (two counts), criminally using drug paraphernalia, and criminal possession of a weapon in the third degree. Id. The second judgment convicted plaintiff under Indictment No. 462-15 of sex trafficking (two counts), promoting prostitution in the second degree, promoting prostitution on the third degree, criminal sexual act in the first degree (two counts), strangulation in the second degree, criminal obstruction of breathing in the second degree, assault in the second degree, assault in the third degree, petit larceny (three counts), and criminal possession of a weapon in the third degree. Id. By Decision and Order dated September 12, 2018, the Appellate Division affirmed plaintiff's convictions under both judgments in their entireties. Id.

year statute of limitations for his Section 1983 claim should run from the time of the final disposition of his case, September 12, 2018. Alternatively, plaintiff asserts that "[t]he violation of my Fourth (4) Amendment Constitutional Right was not made clear until the start of my trial on May 18, 2016, which lasted until June 21, 2016." (Id. ¶ 5.)

## II. DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

While the law mandates dismissal on any of these grounds, the Court is obliged to afford *pro se* submissions wide interpretational latitude and should hold them "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

3

B.  **Application**

As noted in the November 10, 2018 OTSC, plaintiff's Section 1983 claims appear to be time-barred. Generally, "[t]he statute of limitations applicable to claims brought under . . . [§] 1983 in New York is three years." Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004); Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015). However, "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for h[is] lateness in filing." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks omitted). Here, although plaintiff alleges that he was arrested on February 25, 2014, which is more than three years from the March 26, 2018 filing of this complaint, he contends in his response to the OTSC that he did not know that his arrest was in violation of the Fourth Amendment until his trial in 2016. Such contention is without merit. Certainly plaintiff knew on February 25, 2014 that he was arrested.

Most critically, however, and fatal to his Section 1983 claim is the fact that, since the filing of the complaint, plaintiff's state court appeal has concluded, and the underlying criminal convictions were affirmed. Gayot, 80 N.Y.S.3d at 915. Thus, apart from the statute of limitations, plaintiff's Section 1983 claims call into question the validity of his underlying criminal convictions and are thus barred by Heck v. Humprey, 512 U.S. 477 (1995).

In Heck, the United States Supreme Court held that a claim for money damages is not cognizable under Section 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . ., or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (citation omitted). It is well-established under Heck that a plaintiff must allege and prove that his state court conviction

or sentence has been invalidated before he can seek and recover damages under Section 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated [. . .] is not cognizable under § 1983.") (citing Heck, 512 U.S. at 486-87).

Here, plaintiff has not alleged that his convictions "ha[ve] been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. (quoting Heck, 512 U.S. at 487). Thus, even if plaintiff's Section 1983 were timely filed, Heck's bar precludes review of plaintiff's Section 1983 claims. Rather, such relief is available exclusively via a properly exhausted and timely filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Heck, 512 U.S. at 481 ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); Jenkins v. Daubert, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C.] § 2254(b) with its exhaustion requirement may be employed.").

### III. CONCLUSION

For the forgoing reasons, the plaintiff's Section 1983 claims are barred from review at this juncture, are not plausible, and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiff at his last known address and to mark this case closed.

**SO ORDERED.**

Dated: December 17, 2018
       Central Islip, New York

                                                 /s/ (JMA)
                                                 Joan M. Azrack
                                                 United States District Judge